**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: MAR 0 7 2022

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

STACI LUNDEEN, OANH LAM, CARLISSA
STRAFFORD, TONYA OLVERA, SHANNON
HANSEN, KAYLA MILLER, CATRINA RUGAR,
JAIME RECTOR, JAQUELINE MARSTOP,
AUNDREA HARRIS, and JOSHUA TEDESCO,

                      Plaintiffs,

      -against-

KRUCIAL STAFFING, LLC and
BRIAN M. CLEARY V

                      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

    :
    :
    :
    :

MEMORANDUM DECISION
AND ORDER

21 Civ. 1071 (GBD)

GEORGE B. DANIELS, United States District Judge:

Plaintiffs Staci Lundeen, Oanh Lam, Carlissa Strafford, Tonya Olvera, Shannon Hansen, Kayla Miller, Catrina Rugar, Jaime Rector, Jaqueline Marstop, Aundrea Harris, and Joshua Tedesco bring this action against Defendants Krucial Staffing, LLC and Brian M. Cleary V alleging causes of action under the Family and Medical Leave Act and Emergency Paid Sick Leave Act and state law. (First Amended Complaint ("FAC"), ECF No. 11, at ¶ 32-61.)

Before the Court is Defendants' motion to dismiss the First Amended Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and for failure to state a claim pursuant to Federal Rule of Civil procedure 12(b)(6). (Notice of Motion to Dismiss, ECF No. 16, at 1.) Defendants' motion to dismiss for lack of personal jurisdiction is GRANTED.

## I. FACTUAL BACKGROUND

The following facts are taken from the First Amended Complaint. Defendant Krucial Staffing LLC ("Krucial') is a disaster-relief staffing agency that hires healthcare works for temporary deployment to Louisiana, Texas, and other states. (FAC at ¶ 6, 22, 26.) Krucial is

organized under the laws of Kansas, and its headquarters are in Kansas.  (FAC at ¶ 22.)  The members of Krucial are domiciled in Kansas, South Dakota, and Nevada.  (*Id.*)  Defendant Brian Cleary V is a resident of Kansas.  (*Id.*)

Plaintiffs are nurses who were recruited by Krucial and sent to work in hospitals in Louisiana and Texas for limited engagements.  (FAC at ¶¶ 7, 20, 26.)  Two plaintiffs are residents of New York, with the remainder domiciled in Missouri, Oklahoma, Alaska, Wisconsin, Florida, California, and Hawaii.  (*Id.* at ¶ 21.)  Plaintiff do not allege that

Krucial is registered to do business in New York.  (*Id.* at ¶ 22.)  Krucial filed a lawsuit against an insurance company in New York.  (*Id.* at ¶ 23.)  Plaintiffs allege that Krucial's first deployment of nurses was to hospitals in New York, in which Krucial "made a lot of money."  (*Id.* at ¶¶ 3, 10.)  Krucial has also sent nurses to hospitals in Louisiana, Texas, and California.  (*Id.* at ¶¶ 8, 18.)  None of the Plaintiffs allege that they were deployed to hospitals in New York by Krucial.  (Transcript of Oral Argument dated September 15, 2021 ("OA Transcript"), ECF No. 35, at 3.)

## II.  LEGAL STANDARDS

A complaint may be subject to dismissal where the court lacks personal jurisdiction over defendants.  Fed. R. Civ. P. 12(b)(2).  Plaintiff bears the burden of establishing that the court has personal jurisdiction over a defendant.  *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001) (citations omitted).  Where the court relies on pleadings and affidavits in deciding a motion to dismiss pursuant to 12(b)(2), "plaintiff need only make a *prima facie* showing that the court possesses personal jurisdiction over the defendant" to avoid dismissal.  *Id.*  A plaintiff may carry its burden by pleading "legally sufficient allegations of jurisdiction" or "through his own affidavits and supporting materials containing an averment of facts that, if credited . . . , would suffice to

establish jurisdiction over the defendant." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001) (citations omitted). "[W]here the issue is addressed on affidavits, all allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor [.]" *Id.* (citation omitted).

## III.    THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS

Plaintiffs claims that venue is proper in New York because Krucial is registered to do business in this state, Krucial does business in this state, and Krucial previously filed a lawsuit against an insurer in this state. Defendants argue that Plaintiffs cannot make a *prima facie* showing of personal jurisdiction because the Defendants are at home only in Kansas, and Plaintiffs' claims pertain only to their employment in Texas or Louisiana. (Memorandum of Law in Support of Def.'s Motion to Dismiss, ECF No. 17, at 4-6.) In opposition, Plaintiffs argues that Krucial has sufficient contacts with New York to establish general jurisdiction based on Krucial's business within the state. (Plaintiffs' Memorandum of Law in Opp'n to Def.'s Motion to Dismiss, ECF No. 21, at 7.) Plaintiffs do not contend that there is specific jurisdiction over Krucial, nor do they assert that there is general or specific jurisdiction over Defendant Cleary. (*Id.*; OA Transcript at 3, 36.) Accordingly, the only issue in dispute is whether Plaintiffs can show that this Court may exercise general jurisdiction over Krucial.

For a court's exercise of personal jurisdiction over a defendant to be lawful, it "must comport with constitutional due process principles *Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 327 (2d Cir. 2016). Personal jurisdiction comports with due process where the "defendant has sufficient minimum contacts with the forum to justify the court's exercise of personal jurisdiction over the defendant," and "the assertion of personal jurisdiction over the defendant comports with traditional notions of fair play and substantial justice under the

3

circumstances of the particular case." *Id*. at 331. A court may assert general jurisdiction "over foreign (sister-state or foreign country) corporations to hear any and all claims against them when their affiliations with the state are so continuous and systematic as to render them essentially at home in the forum." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014).

A corporation is essentially at home "where it is incorporated or where it has its principal place of business." *Brown v. Lockheed Martin Corp*., 814 F.3d 619, 627 (2d Cir. 2016) ("Only in the exceptional case will another jurisdiction be entitled to exercise such sweeping powers as the use of its adjudicatory authority to decide matters unrelated to its citizens or to affairs within its borders.") A corporation's "continuous activity of some sort within a state" is insufficient to "support the demand that the corporation be amenable to suits unrelated to that activity." *Id.* (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 927 (2011)).

Krucial's contacts with the state of New York are not continuous and systematic so as to make it subject to general jurisdiction in this forum. Krucial's headquarters are not in New York. Krucial is not organized under the laws of New York. Nor are Krucial's members residents of New York. Accordingly, Krucial is not subject to general jurisdiction in New York. *Brown*, 814 F.3d at 627 (looking to the place of incorporation and organization to determine where a company is at home and may be subject to general jurisdiction).

Moreover, Plaintiffs have not shown that Krucial's contacts with New York render it essentially at home in the state, and supports the exercise of personal jurisdiction. In fact, Plaintiffs have not shown that Krucial's contacts here are any different from its contacts with every other state in which it has deployed nurses. *Daimler AG*, 571 U.S. at 127 (rejecting argument that general jurisdiction is appropriate in every forum where defendant engages in a "substantial, systematic and continuous course of business" as unacceptably grasping). Since Plaintiff has not

4

shown that Krucial is essentially at home in New York, it is not subject to general jurisdiction in New York.

## IV.     CONCLUSION

Defendants' motion to dismiss the First Amended Complaint, (ECF No. 16), is GRANTED.  The Clerk of Court is directed to close the motion and this case accordingly.

Dated: March 7, 2022
       New York, New York

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

5